UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHUCK LOUIS JARRELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14707** |
| **RANDY SEAL, SHERIFF, ET AL.** | **SECTION "A"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual and Procedural Background

The plaintiff, Chuck Louis Jarrell ("Jarrell"), was an inmate housed in the Washington Parish Jail in Franklinton, Louisiana, at the time of the filing of this complaint. He filed this *pro se* complaint under 42 U.S.C. § 1983 against the defendants, Washington Parish Sheriff Randy Seal, Washington Parish District Attorney Montgomery, the Washington Parish President, and the Washington Parish Police Jury.[1] Broadly construed, the complaint alleges that Jarrell was falsely arrested, jailed, and prosecuted and denied the right to file assault charges against someone. Jarrell did not submit a filing fee or an application to proceed *in forma pauperis* with the complaint.

### II.   Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with

---

[1] Rec. Doc. No. 1 (Deficient Complaint).

the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.   Analysis

Jarrell did not submit the required filing fee or move for leave to proceed *in forma pauperis* when he submitted this complaint. The Clerk of Court sent a notice dated December 23, 2019, to Jarrell, at his address of record, advising him that he was required to either pay the filing fee or complete and return a certified pauper application.[2] The Clerk of Court mailed this notice to Jarrell at the address he provided on the complaint. The envelope addressed to Jarrell was not returned as undeliverable.

---

[2]Rec. Doc. No. 2.

On February 13, 2020, the undersigned issued an Order requiring Jarrell to show cause, on or before March 5, 2020, why his complaint should not be dismissed for his failure to comply with the Clerk's deficiency notice, pay the filing fee, or submit a certified pauper application.[3]  The Order was sent to Jarrell at his address of record.  On March 16, 2020, the envelope containing the Court's Show Cause Order, was returned marked "refused."[4]  Jarrell has not otherwise contacted the Court about his case.

The notice of deficiency and the Court's Order were mailed to Jarrell at the only address he provided to the Court.  All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1 and 41.3.1.  Jarrell has not notified the Clerk's Office or the Court that he has been released from the facility or that his address has changed.  In addition, the plaintiff still has not provided the filing fee or pauper application required to prosecute his case.  Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.  Recommendation

It is therefore **RECOMMENDED** that Chuck Louis Jarrell's § 1983 complaint against the defendants, Sheriff Randy Seal, District Attorney Montgomery, the Washington Parish President, and the Washington Parish Police Jury, be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

---

[3] Rec. Doc. No. 3.
[4] Rec. Doc. No. 4.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

    New Orleans, Louisiana, this 2nd day of April, 2020.

                                                                 **KAREN WELLS ROBY**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.